## Case No. 17,495.
WHEELER et al. v. FACTORS' & TRADERS' INS. CO. et al.

[3 Woods, 43.] [1]

Circuit Court, D. Louisiana. April, 1877.[2]

FIRE INSURANCE—CREDITORS INSURING DEBTOR'S BUILDING.

Certain creditors of G., at his instance and cost, took out in their own name and for their own benefit, insurance on his gin house, etc., to secure their debt in case of loss of the gin house by fire. The property insured was burned. *Held,* that a creditor of G. who held a mortgage on the same property, and who, by its terms, was entitled to have the same insured for his benefit at the cost of G., had no claim on the insurance money, even though the parties who took out the insurance had no insurable interest in the property insured.

The case of complainants [Ezra Wheeler and others], as stated in the bill, was substantially as follows: The complainants were the holders, by assignment from Foster & Gwynn, of three notes made by the defendant John H. Green, payable to his own order and indorsed by him, one for $10,000, dated May 23, 1870, one for $3,723.61, dated May 23, 1871, and one for $3,009.55, dated March 7, 1872. Each of the notes was secured by a separate mortgage, executed by Green upon the Bell plantation, in Carroll parish, Louisiana. The mortgages, to secure the two notes last mentioned, each contained a clause whereby Green agreed that he would cause to be insured against fire the buildings and improvements on said plan-

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]
[2] [Reversed in 101 U. S. 439.]

tation, until the payment of said two notes respectively, and transfer the policies to the mortgagees, and in default of such insurance the mortgagees might insure said property for their own security and charge the premium to him. Green, when asked by George Foster, acting for plaintiffs, respecting said insurance, told Foster that he had insured said premises for the benefit of complainants, and afterwards, in January, 1873, Gwynn, of the firm of Foster & Gwynn, called at the office of the defendants Johnson & Goodrich to learn whether the policy for the protection of the mortgagees had expired, and if so, to cause a new policy to be taken out, and Gwynn was informed that the property was insured by Johnson & Goodrich, for the protection, as he supposed, of complainants. Johnson & Goodrich, as the agents and commission merchants of Green, did, in January, 1873, by an indorsement under an open fire policy in the Factors' and Traders' Insurance Company, obtain an insurance against fire of said premises for $5,500 until March 28, 1873, but payable to the merchants of said Green, namely, the said Johnson & Goodrich. On or about March 26, the gin house insured by said policy was destroyed by fire, whereby the insurance company became liable for the loss. The bill further charged that Johnson & Goodrich had no insurable interest in the said premises. The claim of complainants was that they were entitled to the insurance money, and the prayer of the bill was that the insurance · company might be restrained from paying over the money to Johnson & Goodrich or to Green.

E. T. Merrick, for complainants.
· Thomas Hunton, for defendants.

WOODS, Circuit Judge. The case, as made by the bill, is not supported by the evidence. The answers and testimony show that Johnson & Goodrich, at and before the time the insurance was taken out by them, were the commission merchants of Green, and were his creditors in the sum of $4,629.06; that they desired to have insurance on the gin house and gin stands on the Bell plantation, to secure their debt in case of loss by fire, and so informed Green; that Green assented to their proposition to take out said insurance at his cost, and wrote to Johnson & Goodrich to remind them to take out such insurance. Johnson & Goodrich accordingly indorsed the insurance upon an open policy which they had in the Factors' and Traders' Insurance Co. for the sum of $5,500, payable to themselves in case of loss, and charged the premium to Green. Neither Johnson nor Goodrich knew of the clauses in the mortgages given to secure the notes held by complainants, providing for insurance of said premises; they did not, nor did either of them nor any one in their office, with their knowledge, inform Gwynn that the property was insured for the benefit of the mortgagees or insured for the benefit of any one else; nor did John H. Green ever inform

Foster & Gwynn, or either of them, that he had caused the premises to be insured for the benefit of complainants, through Johnson & Goodrich or any one else. In short, the whole case made by the bill is overturned by the answer and evidence, except the averments that complainants are the holders of three notes of said John H. Green, secured each by a separate mortgage, and that the last two mortgages each provided for insurance of the premises, as above set forth. No insurance was ever taken out by Green for the benefit of complainants. Johnson & Goodrich acted in their own behalf for their own benefit, and took a policy payable to themselves, for the security of their own debt, without any knowledge that Green had ever agreed to insure for the benefit of complainants. By what rule of law or equity the complainants can claim the proceeds of the insurance I do not know. It is said that Johnson & Goodrich had no insurable interest in the premises. If that is so, the result is that the policy is void. It does not follow that some one else who had an insurable interest, but for whom no insurance had been taken out, is to be substituted in the policy for Johnson & Goodrich. The insurance company made no contract of insurance with the complainants, and they cannot insist on the fruits of a contract to which they were in no manner parties, and which was not made for their benefit. Bill dismissed.

[On appeal to the supreme court, the above decree was reversed. 101 U. S. 439.]